UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| ALEKSANDR MALYUTIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-93 (EGS) |
| CONDOLEEZZA RICE et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

This matter is before the Court on a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, alternatively, under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Because proceeding on this complaint would require judicial review of a consular decision to deny a visa application — a decision that is exempt from judicial review — the complaint will be dismissed for lack of subject matter jurisdiction.

BACKGROUND

Plaintiff, Aleksandr Malyutin, is a Russian national and non-lawyer who is proceeding pro se and in forma pauperis in this matter. The 74-page, 156-paragraph pro se complaint is detailed and precise. *See generally,* Amended Verified Pro Se Complaint for Monetary Relief ("Compl.") Summarizing liberally, it alleges that while the plaintiff was prosecuting, pro se, a business contract dispute in state court in New Jersey, *id.* ¶¶ 17 *et seq.*, he left the United States on November 24, 2007, to return home to Russia, *id.* ¶ 51, and that when he tried a few days later

to obtain a B1/B2 visa to return to the United States, the U.S. Consul General denied his application.  *Id.* ¶ 60.  Two months later in early 2008, the plaintiff re-applied for a B1/B2 visa, was re-interviewed, and was again denied a visa.  *Id.* ¶¶ 78, 83.  Because he neither appeared in person nor obtained counsel to represent him, his pro se New Jersey court action was eventually dismissed.  *Id.* ¶ 95.

Plaintiff sues five employees of the United States Department of State, each in their personal capacity only, for money damages.  The sole nexus between the plaintiff and the defendants is the denial of his application for a visa to enter the United States.  Asserting a right of action under both *Bivens*[1] and 42 U.S.C. § 1985(3), the complaint alleges that the defendants conspired in violation of the second clause of 42 U.S.C. § 1985(2) to deter him from testifying in the matter pending before the New Jersey state court, and that the defendants, or at least some of them, neglected in violation of 42 U.S.C. § 1986 to prevent this alleged conspiracy to deprive him of his civil rights.  Compl. ¶¶ 1, 7; *see also id.* at 61 (identifying as a second cause of action the "[v]iolation of the second clause of 42 [U.S.C. §] 1985(2), as provided for by 42 [U.S.C. §] 1985(3)"), 66, 71-72 (listing Counts I, V, and VI).  The complaint also asserts state law causes of action and a cause of action under an international treaty.  *See id.* at 67-70, 72.  Plaintiff seeks compensatory damages of more than $100 million, exemplary damages in excess of $100 million, and attorneys fees in excess of $500,000.  *Id.* at 74.

The complaint alleges facts that establish the following, among other things:
> that plaintiff had entered the United States on a visa twenty times between 1993 and 2007, *id.* ¶¶ 18, 21, 22;

---

[1] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

that plaintiff had established a United States Social Security number, *id.* ¶ 13;

that in the fourteen years from 1993 through 2006, plaintiff spent 862 days (approximately 17% of the time) in the United States, and that in 2007 he spent 311 days (approximately 85% of the year) in the United States, *id.* ¶¶ 13, 17, 18, 21;[2]

that plaintiff had not been gainfully employed in 2007, was dependent on family and friends for financial support, and was engaged full time in litigating the New Jersey state court action, *id.* ¶¶ 57 (c) & (d);

that plaintiff advised consular authorities that he suffered from a serious mental disorder that was not dangerous, *id.* ¶¶ 54, 57(i);

that plaintiff's girlfriend had overstayed her summer work and program travel visa to the United States in 2007, that plaintiff was the father of his girlfriend's unborn child, and that his pregnant girlfriend was granted a valid, unexpired visa to re-enter the United States, *id.* ¶ 28;

that most recently plaintiff had overstayed his United States visa, which had expired in August 2007, *id.* ¶¶ 22, 36;

that plaintiff discussed his pending New Jersey litigation with the two unidentified members of the consular staff who interviewed him in connection with his visa application, *id.* ¶¶ 59, 81; and

---

[2] These figures are derived from the complaint's allegation that in the fifteen years from 1993 through 2007, the plaintiff spent 1173 days in the United States, *id.* ¶ 13, and the dates of his arrivals in and departures from the United States in 2007, *id.* ¶¶ 17, 18, 21.

that the two consular staff members who denied plaintiff's visa application in late 2007 and early 2008 each advised him that the determination was based on a conclusion that plaintiff's ties to Russia were not strong enough, *id.* ¶¶ 60, 83.

The instant motion to dismiss followed, asserting that this court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief may be granted.[3]

## DISCUSSION

A federal district court's initial obligation is to ascertain its subject matter jurisdiction. *Grand Lodge of Fraternal Order of Police v. Ashcroft,* 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"). Federal courts are courts of limited jurisdiction, possessing only the power conferred by the Constitution and statutes. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). It is not presumed that a cause of action lies within the federal court's limited jurisdiction, and the plaintiff bears the burden of establishing jurisdiction. *Id.*; *Adelman v. UAL, Inc.*, 932 F. Supp. 331, 332 (D.D.C. 1996).

In considering a Rule 12(b)(1) motion, a court must accept as true all factual allegations contained in the complaint, and the nonmovant is entitled to the benefit of all favorable inferences that can reasonably be drawn from the alleged facts. *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993); *Artis v. Greenspan,* 158 F.3d 1301, 1306 (D.C. Cir. 1998). A court may also consider "undisputed facts evidenced in the

---

[3] Because the Court determines that it does not have subject matter jurisdiction over this action, it expressly does not reach the merits of any of the multiple grounds the defendant offers in her alternative motion under Rule 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief may be granted.

record," *Coalition for Underground Expansion v. Mineta,* 333 F.3d 193, 198 (D.C. Cir. 2003), and material outside the pleadings, *Hunter v. District of Columbia,* 384 F. Supp. 2d 257, 259-60 (D.D.C. 2005). In addition, a "'plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge,* 185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350).

It is undisputed that the decision to deny a visa is not subject to judicial review. *See* Mem. of Points and Authorities in Support of Def.'s Motion to Dismiss the Complaint at 5-8; Pl.'s Opp'n at 3; Def.'s Reply at 2-3. Indeed, there can be no serious debate about the matter. As the Supreme Court has stated:

> The power of Congress to exclude aliens altogether from the United States or to prescribe the terms and conditions upon which they may come into this country, and to have its declared policy in that regard enforced exclusively through executive officers without judicial intervention, is settled by our previous adjudications.

*Lem Moon Sing v. United States*, 158 U.S. 538, 547 (1895); *see also Kleindienst v. Mandel,* 408 U.S. 753, 766 (1972) (same). "[T]he immigration laws preclude judicial review of consular visa decisions and . . . the doctrine of consular nonreviewability remains intact . . . ." *Saavedra Bruno v. Albright,* 197 F.3d 1153, 1162-63 (D.C. Cir. 1999). This rule applies broadly. It applies even where it is alleged that the consular officer did not follow regulations, *see Burrafato v. Dep't of State*, 523 F.2d 554 (2d Cir. 1975), that the pertinent regulations are invalid, *see Ventura-Escamilla v. INS,* 647 F.2d 28 (9th Cir. 1981), and that the decision was based on factual or legal error, *see Centeno v. Shultz,* 817 F.2d 1212, 1213 (5th Cir. 1987).

More to the point in this case, the doctrine also applies where a plaintiff attempts to circumvent the doctrine by claiming the he is not seeking a review of the consular officer's decision, but is challenging some other, related aspect of the decision.  "Such attempts to manufacture subject matter jurisdiction by recasting a complaint have consistently been rejected by the courts."  *Chun v. Powell,* 223 F Supp. 2d 204, 206-07 (D.D.C. 2002); *see, e.g.*, *Saavedra Bruno v. Albright,* 197 F.3d at 1162-63 (applying the doctrine where the plaintiff alleged a cause of action under the Administrative Procedure Act, 5 U.S.C. §701 *et seq*.); *Van Ravenswaay v. Napolitano,* 613 F. Supp. 2d 1, 3 (D.D.C. 2009) (applying the doctrine where plaintiff argued that he was challenging the authority of the Secretary of State, not the consular decision); *El-Hadad v United States,* 377 F. Supp. 2d 42, 46-47 (D.D.C. 2005) (applying the doctrine where plaintiff attempted to circumvent it by bringing a petition for habeas corpus relief); *Al-Makaaseb General Trading Co., Inc. v. Christopher*, 1995 WL 110117 * 1 (S.D.N.Y. 1995) (applying the doctrine where plaintiff alleged that the consular decision constituted a violation of his due process rights).  The doctrine has also been applied where the applicant seeks admission to the United States for the express purpose of participating in court proceedings.  *See, e.g.*, *Semiani v. United States*, 2009 WL 498051, *1 (D.D.C. Feb. 26, 2009); *El-Hadad v United States,* 377 F. Supp. 2d at 45, 47.

Here, the plaintiff attempts to circumvent the doctrine of consular nonreviewability by arguing that he does not seek review or reversal of the visa decision, but instead sues the defendants for obstructing his access to the New Jersey state court.  Pl.'s Opp'n at 6.  This argument is untenable.  Plaintiff's case rests on the theory that the alleged conspiracy that produced the visa decision was the injury that proximately caused his damages.  Absent judicial

review, there can be no judicial determination that the alleged conspiracy that produced the visa decision constitutes a legal injury that proximately caused the plaintiff's damages.  Therefore, because judicial review of the visa decision is foreclosed by the doctrine of consular nonreviewability, so too is the case plaintiff has presented in his complaint.  Accordingly, the complaint will be dismissed for lack of subject matter jurisdiction, and all other pending motions will be denied as moot.

      A separate order accompanies this memorandum opinion.

                                                         /s/
                                      EMMET G. SULLIVAN
Dated:  December 29, 2009               United States District Judge